**WO**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Sharon Ray, | No. CV-18-08337-PCT-DLR |
| Plaintiff, | **ORDER** |
| v. | |
| Commissioner of Social Security Administration, | |
| Defendant. | |

Plaintiff applied for a period of disability, disability insurance benefits, and supplemental security income in May 2015. After her applications were denied by state agency reviewers, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). Following a December 2017 hearing at which Plaintiff, her representative, and a vocational expert (VE) testified, the ALJ issued a written decision finding Plaintiff not disabled within the meaning of the Social Security Act. This became the Commissioner's final decision when the Appeals Council denied review. Plaintiff now seeks judicial review.

The Court does not review the ALJ's decision anew or otherwise determine whether Plaintiff is disabled. Rather, the Court reviews the ALJ's decision to determine whether it "contains legal error or is not supported by substantial evidence." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). Substantial evidence is more than a mere scintilla but less than a

preponderance, and "such relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Id.*

Having considered the parties' briefs and the administrative record, the Court concludes that this case must be remanded for further proceedings. This is so because in Social Security disability cases, the ALJ has a special duty to further develop the record when inadequate to allow for proper evaluation of the evidence—even when the claimant is represented by counsel. *Mayes v. Massanari*, 276 F.3d 453, 45-60 (9th Cir. 2001); *Brown v. Heckler*, 713 F.2d 441, 443 (9th Cir.1983*)*. Here, the record was inadequately developed as to Plaintiff's physical impairments of cervical spondylosis and osteoarthritis of the right shoulder.

In fact, the ALJ's residual functional capacity ("RFC") finding concerning Plaintiff's physical limitations is not based on a single medical opinion. The ALJ rejected the August 2015 opinion of state agency medical consultant Neil Sapin, who concluded that the evidence was insufficient to evaluate Plaintiff's physical functionality, especially related to her neck and shoulder. (Doc. 11-4 at 8.) The ALJ also rejected the December 2015 opinion of state agency medical consultant Yosef Schwartz because it was "rendered before most of the medical evidence of record was submitted." (Doc. 11-3 at 25.) Finally, the ALJ rejected the only remaining medical opinion submitted by an acceptable medical source addressing Plaintiffs' physical functionality—a February 2016 check-the-box form from Plaintiff's treating physician, Dr. Welly. (Doc. 11-8 at 170-72.) The ALJ rejected the opinion because she determined that it was inconsistent with the objective evidence and because Dr. Welly did not explain the basis for his findings as to Plaintiff's limitations. However, the ALJ could not substitute her lay interpretation of the objective evidence for that of Plaintiff's treating physician without any support from other medical opinions in the record. *See Day v. Weinberger*, 522 F.2d 1154, 1156 (9th Cir. 1975); *Trevizo v. Berryhill*, 871 F.3d 664, 676–77 (9th Cir. 2017); *Kelly v. Berryhill*, 732 F. App'x 558, 561 (9th Cir. 2018). And "[i]f the ALJ thought [s]he needed to know the basis of [the treating physician's] opinions in order to evaluate them, [s]he had a duty to conduct an appropriate

inquiry, for example, by subpoenaing the physicians or submitting further questions to them. [She] could also have continued the hearing to augment the record." *Smolen v. Chater,* 80 F.3d 1273, 1288 (9th Cir. 1996) (citations omitted).  The ALJ did not further develop the record, but instead improperly relied on her own interpretation of the medical evidence in order to craft Plaintiff's RFC.

   For these reasons, the Court directs a remand for further development of the record with regard to Plaintiff's physical impairments and for further appropriate proceedings in light of that additional development.  *See Tonapetyan v. Halter*, 242 F.3d 1144 (9th Cir. 2001).

   **IT IS ORDERED** that the final decision of the Commissioner is **REVERSED** and **REMANDED** for further proceedings consistent with this opinion.

   **IT IS FURTHER ORDERED** directing the Clerk's Office to enter judgment and close the case.

   Dated this 4th day of March, 2020.

_____
Douglas L. Rayes
United States District Judge